**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.  ROOM 2042
NEWARK, NJ 07102
973-645-3827

Not for Publication

**LETTER OPINION AND ORDER**

January 29, 2010

**VIA CM/ECF**
All counsel of record

Re:  **A&B Ingredients, Inc. v. Hartford Fire Insurance Co.**
     **Civil Action No. 08-6264 (SRC)(MAS)**

Dear Counsel:

This matter comes before the Court by way of Plaintiff A&B Ingredients, Inc.'s ("A&B" or "Plaintiff") motion for a protective order. (Docket Entry ("DE") # 28.) Defendant Hartford Fire Insurance Company ("Hartford" or "Defendant") opposes Plaintiff's request. (DE # 29.) Based on the reasons stated below, Plaintiff's motion for a protective order is granted in part and denied without prejudice in part.

**I.  SUMMARY OF FACTS**

All parties to this matter are well-versed in the surrounding facts. Accordingly, this Opinion and Order will only address those facts relevant to the instant motion. This is an insurance coverage action in which A&B seeks a declaratory judgment against Hartford due to Hartford's alleged failure to defend A&B in an underlying lawsuit ("*Laboratories* suit") filed by Laboratories Miret, S.A. ("Lamirsa") and Vedeqsa, Inc. ("Vedeqsa"). (Pl.'s Moving Br. ("Moving Br.") 3.) In the

*Laboratories* suit, Lamirsa alleges that A&B improperly associated itself with Lamirsa's LAE product, promoted itself as a U.S. distributor of same, used Lamirsa's patented process to manufacture products and advertised that A&B knew how to use LAE trade secrets. (Decl. of Eugene Killian ("Killian Decl.") ¶4.) Lamirsa and Vedeqsa further allege that A&B continue to associate itself with Lamirsa and the LAE product by promoting and selling A&B's own version of same to Vedeqsa's customers and its potential customers. (*Id.* at ¶5.) The *Laboratories* suit includes allegations of patent infringement, unfair competition and theft of trade secrets. (*Id.*)

According to Plaintiff, Hartford issued several offense based coverage policies for "personal and advertising injury." (Moving Br. 3-4.) Those policies were in effect at the time Lamirsa and Vedeqsa brought a claim against A&B. (*Id.*) Subsequently, A&B filed a claim under its Hartford insurance policies, requesting that Hartford defend Plaintiff and reimburse it for any defense, settlement and indemnity costs associated with the *Laboratories* suit. (*Id.*) Hartford denied coverage, indicating its reasons for denial as:

> The amended complaint does not present a claim for "bodily injury" or "property damage" arising out of an "occurrence" or for "personal and advertising injury" caused by an "offense." The allegations of patent infringement, unfair competition and theft of trade secrets do not fall within the scope of coverage provided by "personal and advertising injury." (*Id.*)

Soon thereafter, Hartford served A&B with 25 interrogatories and 52 document requests, which Plaintiff asserts were focused on discovery related to facts that would allegedly support Lamirsa and Vedeqsa's claims against A&B. (*Id.* at 5.) Specifically, interrogatory numbers 1, 3-8 and 11-25 and the majority of the document requests demanded that A&B provide information regarding (i) advertisements that relate to Lamirsa's products and/or Antimicrobial Products and Agents made during a specific time period; and/or (ii) facts or documents that support A&B's denial of any allegations brought forth in the *Laboratories* suit complaint or that support any contentions in

2

the underlying counterclaim. (*Id.*) After A&B served its responses, Hartford notified Plaintiff's counsel that it was unsatisfied with the responses and accused A&B of never "intend[ing] to comply with its discovery obligations" and of "sandbagging" Hartford. (*Id.* at 6.) A&B responded by asking Hartford to identify how the requested discovery had any relevance to determining whether Hartford has a duty to defend Plaintiff. (*Id.* at 6-7.) Thereafter, Hartford served a subpoena on Vedeqsa requesting production of one or more persons with knowledge pertaining to the allegations in the complaint of the underlying *Laboratories* suit, as well as the production of documents supporting the allegations in same complaint.[1] (*Id.* at 6.)

Plaintiff asserts that for purposes of determining Hartford's duty to defend, the only issue for the Court to address is whether the policyholder allegedly committed one of the offenses listed in the policy, as determined by comparing the allegations in the complaint with the four corners of the policy. (*Id.* at 4-5.) A&B contends that whether it committed intentional harm is irrelevant. (*Id.* at 4.) Likewise, any facts and/or documents regarding advertisements or publications of A&B that support allegations within the complaint or that relate to A&B's counterclaim are equally irrelevant. (*Id.*) Thus, after attempts to meet and confer in good faith to resolve the aforementioned discovery disputes, A&B filed the motion currently pending before this Court. (*Id.* at 7.)

Defendant vehemently disagrees with Plaintiff's position, reminding this Court that at the initial scheduling conference, despite A&B's assertion that Hartford was not entitled to any discovery, this Court found that Hartford was entitled to discovery and entered a pretrial scheduling order regarding same. (Def.'s Opp'n Br. ("Opp'n Br.") 2.) The Court advised the parties that they were to alert the Court of any discovery disputes in an expeditious fashion in order to avoid any

---

[1] Hartford notes that Vedeqsa responded with written objections that are premised upon the pending discovery dispute between Hartford and A&B. (Def.'s Opp'n Br. at 4.) Hartford filed a motion to compel in the Southern District of New York, which was transferred to this Court for disposition on July 6, 2009. (*Id.*)

3

delays. (*Id.*) Hartford asserts that the interrogatories and document requests were timely served and sought the specific type of documents and information that Defendant had advised this Court it would seek from Plaintiff, as set forth in its proposed discovery plan that was ultimately approved by the Court. (*Id.* at 3.)

After A&B alerted Hartford to the fact that it did not intend to respond to Hartford's request, this Court held a telephone status conference to discuss the dispute on March 25, 2009. (*Id.*) The parties were unable to resolve their dispute, thereby leading to an agreement that A&B would file a motion for a protective order. (*Id.*) Instead, A&B produced its responses, which asserted blanket objections. (*Id.*) A&B violated the Court's mandate to bring such discovery issues to the Court's attention expeditiously, when it produced blanket objections more than three weeks after it was scheduled to file a motion for a protective order. (*Id.*). According to Hartford, in response to its inquiries, A&B asserted that it preferred that Hartford file a motion to compel in order to place the burden on Hartford to justify the relevancy of the requested discovery. (*Id.*) Hartford disagreed with A&B's position and explained to A&B that its objections were essentially an untimely appeal or request for reconsideration of this Court's scheduling order. (*Id.* at 4.) Hartford further advised A&B of its position that the burden remained on A&B to substantiate its claim that Hartford was not entitled to any discovery. (*Id.*) After various correspondences, a conference with the Court and the administrative termination of A&B's motion due to its failure to comply with the Scheduling Order that requires a party to seek leave prior to filing a discovery motion, A&B ultimately filed the motion now pending before this Court. (*Id.* at 4-5.)

## II. LEGAL STANDARD & ANALYSIS

### A. Timeliness of A&B's Motion

Hartford asserts that A&B's motion for a protective order must be denied because this Court has already heard and ruled upon A&B's arguments when it (i) reviewed A&B's summary judgment motion; (ii) reviewed the "brief" A&B submitted in lieu of a proposed discovery plan;[2] and (iii) and essentially heard oral argument during the initial scheduling conference. (Opp'n Br. at 6.) This Court disagrees. Although A&B articulated its duty to defend legal arguments in its summary judgment brief, proposed discovery plan and orally to the Court during the initial scheduling conference (*see id.*), this Court agrees with A&B's assertion that an official ruling on whether discovery pertaining to the underlying *Laboratories* suit has not been entered. (*See* Reply Br. 8-10.) At the initial scheduling conference, the Undersigned found only that Hartford was entitled to some discovery, which resulted in the entry of a scheduling order.

Accordingly, this Court finds that it did not make a substantive ruling, either formally or informally, to A&B's request for a protective order prohibiting the discovery sought by Hartford prior to or during the initial scheduling conference. While the Court entered a scheduling order providing specific discovery dates, this Court also advised the parties that they were to inform the Court of any discovery disputes in a timely manner. The Court understood A&B's legal position and in a subsequent conference, it was agreed that a motion for a protective order would be filed, thereby acknowledging this Court's position that a final determination had not been made on the issues at hand.

---

[2] While Hartford asserts that A&B submitted a brief instead of a proposed discovery plan for the initial scheduling conference, A&B in fact filed a proposed discovery plan. (*See* Reply Br., Supplemental Decl. of Eugene Killian, Jr. ("Killian Supp. Decl."), ¶10, Exh. C at ¶9). However, within the proposed plan, A&B lays out legal arguments similar to those made in its motion for a protective order and, under paragraph 9, notes: "The following is not a proposed joint discovery plan. A&B contends no discovery is necessary . . . ." (Killian Supp. Decl. at ¶9.)

5

Therefore, having found that this Court has not ruled on the issues raised in A&B's motion, this Court will not entertain Hartford's assertions that the "law of the case" doctrine and the untimely filing of A&B's motion, if treated as an appeal or motion for reconsideration, preclude this Court's consideration of the motion. (*See* Opp'n Br. 5-8.)

### B. Motion for a Protective Order

Under Federal Rule of Civil Procedure 26(b), upon a finding of good cause, a court may order discovery of any matter relevant to a party's claims, defenses or the subject matter involved in the action. *Id.* As this Court has recognized, Rule 26 is to be construed liberally and relevance is a broader inquiry at the discovery stage than at the trial stage. *Tele-Radio Sys. Ltd. v. DeForest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also Evans v. Employee Benefit Plan*, No. 03-4915, 2006 WL 1644818, at *4 (D.N.J. June 6, 2006); *Nestle Food Corp. v. Aetna Cas. & Surety Co.*, 135 F.R.D. 101, 103 (D.N.J. 1990). Relevant information need not be admissible at trial, however, the party seeking discovery must "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000); *see also Nestle Food Corp., supra*, 135 F.R.D. at 104. As stated in *Hickman v. Taylor*, 329 U.S. 495 (1947), "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Id.* at 507.

When the burden of a discovery request is likely to outweigh the benefits, Federal Rule of Civil Procedure 26(b)(2)(C) vests the District Court with the authority to limit a party's pursuit of otherwise discoverable information. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Accordingly, a discovery request may be denied if this Court finds that there exists a likelihood that the resulting benefits would be outweighed by the burden or expenses imposed as a consequence of the discovery after assessing the following factors: (i) the unreasonably cumulative

6

or duplicative effect of the discovery; (ii) whether "the party seeking discovery has had ample opportunity to obtain the information by [other] discovery;" and (iii) "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). The purpose of this rule of proportionality is "to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry." *Bowers v. Nat'l Collegiate Athletic Assoc.*, No. 97-2600, 2008 LEXIS 14944, at *14 (D.N.J. Feb. 27, 2008) (quoting *Leksi, Inc. v. Fed. Ins. Co.*, 129 F.R.D. 99, 105 (D.N.J. 1989)). Thus, while discovery and relevance may be broad, they are not boundless.

Another method that this Court may undertake in order to limit the scope of discovery is to issue a protective order pursuant to Federal Rule of Civil Procedure 26(c). Upon a finding of good cause, this Court may issue a protective order pursuant to Rule 26(c)(1) in order to

> protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . [an order]
>
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; . . . .

See also *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1112, fn. 3 (3d Cir. 1986), *cert. denied*, 486 U.S. 976 (1987). Good cause is established by demonstrating that disclosure will cause a clearly defined and serious injury to the party seeking a protective order. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir. 1994). The injury must be substantiated by specific examples and reasons, as broad allegations of harm do not support a showing of good cause. *Id.*

7

When determining whether good cause exists, this Court must undertake a balancing test between "the requesting party's need for information against the injury that might result if uncontrolled disclosure" is granted. *Id.* at 787 (internal quotations and citations omitted). If the Court finds that the information should be disclosed, the issue then becomes whether it should be disclosed in a designated way or whether any limitations of disclosure should be ordered. *Id.* Factors to consider include: (i) whether the information is being sought for a legitimate purpose or for an improper purpose; (ii) whether disclosure will promote fairness and efficiency among litigants; and (iii) whether a party benefitting from the order is a public entity, public official or private litigant and whether the case involves matters of legitimate public interest. *Id.* at 787-88 (remanding to assess whether the circumstances justify a confidentiality order prohibiting the disclosure of a settlement agreement to a newspaper company); *see also Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995); *Cipollone, supra,* 785 F.2d at 1121. Importantly, the party asserting that discovery should be prohibited bears the burden of establishing the lack of relevancy or undue burden. *Gutierrez v. Johnson & Johnson*, No. 01-5302, 2002 U.S. Dist. LEXIS 15418, at **8, 10 (D.N.J. Aug. 12, 2002).

A&B argues that good cause exists to issue a protective order, because Hartford's discovery requests are a "fishing expedition." (Moving Br. 8.) According to A&B, the discovery requests are irrelevant to this action because a "duty to defend" case only requires this Court's review and comparison of the allegations in the complaint with the four-corners of the policy. (*Id.* at 8-9.) This Court has held that in a duty to defend case, the matter is resolved by a comparison of the allegations made within the complaint with the four corners of the policy at issue. *NL Indus. v. Comm. Union Ins. Co.*, 926 F. Supp. 446, 458-59 (D.N.J. 1996). According to A&B, the duty to defend is applicable if and when the allegations in the complaint correspond with the terms and conditions of the policy,

8

"irrespective of the claim's actual merit." *See Voorhees v. Preferred Mutual Insur. Co.*, 128 N.J. 165, 173-74 (1992). Moreover, Hartford's "duty to defend is not abrogated by the fact that the claim may have no merit and cannot be maintained against the insured, either in law or fact, because the cause of action is groundless, false, or fraudulent." *Sears Roebuck & Co. v. Nat'l Union Fire Insur. Co.*, 340 N.J. Super. 223, 241-42 (App. Div. 2001). Thus, A&B asserts that because Hartford's discovery requests primarily focus on the merits of the *Laboratories* suit, which merits are not to be considered by the Court when determining whether Hartford has a duty to defend A&B in same suit, the discovery is wholly irrelevant and overly broad. (Movant's Br. 11.)

Additionally, A&B asserts that public policy prohibits Hartford from taking discovery in an effort to harm A&B as the policyholder in the *Laboratories* suit. (*Id.*) (citing *Haskel, Inc. v. Super. Ct. of Los Angeles County*, 39 Cal. Rptr. 2d 520, 529-30 (Ct. App. 1995)). However, A&B's argument relies primarily on *Haskel*, a California case that is non-binding on this Court. In a footnote, A&B requests that this Court adopt the rulings and reasoning of *Haskel* because numerous states have adopted same and because like California, New Jersey law "mandates that the duty to defend 'continues throughout the course of the litigation.'" (*See* Moving Br. 12, fn. 3) (quoting *Voorhees, supra*, 128 N.J. at 173)). It is important to note that the *Haskel* court did not deny the discovery requests pertaining to the underlying action, but instead, the court found that a stay of the discovery was appropriate. *Haskel*, 39 Cal. Rptr. 2d at 529-30. Notably, in determining whether to stay discovery, the *Haskel* court considered the following factors: (1) the nature of the claims asserted in the underlying action; (2) the defenses to coverage asserted by the insurer, and to what extent, if at all, the defenses are logically related to the liability issues raised in the underlying action; (3) the factual questions that have to be resolved to sustain or defeat the insurer's coverage defenses; (4) the likely nature of the available evidence; (5) to what extent, if at all, will the

9

policyholder suffer prejudice in the underlying action if the insurer is permitted to proceed with its discovery; and (6) to what extent, if at all, will a confidentiality order realistically protect the policyholder from disclosing prejudicial information in response to the discovery. *Id.*

Finally, A&B asserts that Hartford's voluminous discovery requests are egregious, because the requests are irrelevant to a determination of offense based coverage. (Moving Br. 14-15.) As support for its assertion, A&B cites to another non-binding California case, *Atlantic Mutual Insurance Company v. J. Lamb, Inc.*, 100 Cal. App. 4th 1017 (Ct. App. 2002).[3] (*Id.*) In *Atlantic Mutual Insurance*, the Court declared that offense based coverage only requires a demonstration that the alleged injury was caused by the policyholder's wrongful conduct. *Atlantic Mutual Insur.*, *supra*, 100 Cal. App. 4th at 1032. Stated differently, the court noted that the triggering event for an offense based coverage is the policyholder's alleged wrongful act and not the resulting injury that is alleged by a third party. *Id.*

Having considered all of A&B's aforementioned arguments, this Court finds that good cause exists to enter a protective order, but only in the form of a confidentiality order. Upon consideration of Federal Rule of Civil Procedure 26 and in exercise of this Court's inherent power to use its broad discretion when considering whether to enter a protective order and/or grant or deny discovery, this Court finds that a confidentiality order will adequately protect A&B from any harm that may result from disclosure. Thus, A&B has failed to meet its burden to demonstrate that total non-disclosure or striking of Hartford's discovery requests is warranted.

---

[3]  While A&B cites to *FileNet Corporation v. Chubb Corporation*, 324 N.J. Super. 476, 484 (App. Div. 1997), as support of its position that "[o]n the issue of interpretation of the insurance contract, California and New Jersey are not in conflict," this Court draws the distinction that the New Jersey court stated same in its discussion of an insurer's duty to defend. (*See* Moving Br. 15.) The *FileNet Corporation* court does not state explicitly that California and New Jersey's interpretation of offense based coverage is similar or the same. *See FileNet Corp.*, *supra*, 324 N.J. Super. at 484.

10

First, this Court finds that disclosure is justified, as limited by a confidentiality order, because in order to build a defense and have the ability to fully understand the allegations in the complaint, it is reasonable for Hartford to inquire into the facts and circumstances surrounding the underlying *Laboratories* suit. *See* Fed. R. Civ. P. 26(b). Even if assuming *arguendo* that A&B's assertion that a duty to defend case requires a Court to review and compare the allegations of the underlying complaint with the four corners of the coverage policies at issue is correct, this Court still finds that disclosure with a confidentiality order is appropriate. While the evidence ultimately discovered by Hartford may not be admissible at trial, as case law may demonstrate that the underlying suit is not relevant,[4] the standard for disclosure is not admissibility; but rather, the appropriate standard this Court must consider is whether the discovery "sought is relevant to the subject matter of the action and *may* lead to admissible evidence." *See Caver, supra*, 192 F.R.D. at 159 (emphasis added by this Court).

Here, this Court finds that the information sought is relevant and, even if accepting A&B's duty to defend assertions as true, the discovery may lead to admissible evidence pertaining to Hartford's affirmative defenses as provided in the Answer. (*See* Def.'s Answer 10-16.) For instance, Hartford asserts that the allegations in the underlying complaint do not trigger coverage and/or that several exclusions within the policies may apply. (*Id.* at 10-12.) While this may be determined by a comparison of the allegations in the complaint with the four corners of the relevant policies, having more knowledge about the specifics surrounding the allegations is relevant insofar

---

4   The Court does not make any legal conclusions as to whether A&B's interpretation of applicable law and case law is correct, as it does not impact this Court's decision. Whether A&B's interpretation is correct or not, this Court finds that disclosure, as limited by a confidentiality order, is appropriate. Moreover, throughout its moving and reply briefs, A&B refers to non-binding case law and asks that this Court adopt the reasoning and holdings of same. Because this Court finds that disclosure is warranted, this Court declines to adopt same. Notably, A&B did not cite to any binding case law, nor is this Court aware of any such case law, which holds that pre-trial discovery regarding the underlying complaint in a duty to defend case is always inappropriate or never permissible.

11

as disclosure will (i) assist Hartford in strengthening its defenses, which are logically related to the facts surrounding the allegations of liability and (ii) provide assurances and/or assist Hartford in deciding not to pursue certain defenses. Similarly, the discovery sought may assist Hartford with its ninth asserted defense that A&B failed to disclose facts material to the issuance or renewal of the relevant policies (*see id.* at 12), as the underlying facts of the *Laboratories* suit may provide additional information currently unknown to Hartford or other information not otherwise included in the underlying complaint. Indeed, the issue of whether issuance or renewal of a policy was appropriate in the first instance, may fall outside of the four corners of the policies and may pertain to internal regulations, terms or provisions. Likewise, additional information may be relevant and necessary for Hartford's asserted defenses of mutual mistake, failure to preserve evidence and failure to mitigate loss, as well as its general right to assert additional defenses (*id.* at 13-16), which warrants disclosure. In fact, the allegations made in the underlying complaint may be subject to various interpretations and/or may require clarification, and as such, Hartford is entitled to assess the facts and circumstances surrounding the allegations in order to build its defense and prepare for the litigation of this case.

Clearly, disclosure of the requested discovery may greatly benefit Hartford, and as such, the Court now turns to whether the benefits are outweighed by any burden to A&B. *See* Fed. R. Civ. P. 26(b)(2)(C). In assessing the factors mandated pursuant to Rule 26(c)(1), it is this Court's belief that (i) the requested discovery is not unreasonably cumulative or duplicative; (ii) Hartford does not have a reasonable, alternate method to obtain the same discovery it seeks from A&B. In fact, A&B's general objection to all but two of Hartford's seventy-seven discovery requests would leave Hartford with virtually no discovery from which to defend its position in this action; and finally, (iii) Hartford's ability to properly build and defend its case is of the utmost importance. Moreover,

while A&B asserts that the requested discovery is overly burdensome, vague and excessive, A&B fails to provide specific reasons as to why that may be the case, except to say that the information may not be admissible in a duty to defend trial, which this Court has explained is not the sole standard. As such, this Court finds that although A&B may incur additional costs associated with production of the discovery, any burden to A&B is outweighed by the benefits that may be provided to Hartford upon disclosure of the requested discovery.

Therefore, this Court finds that while total non-disclosure is not appropriate, good cause exists warranting the entry of a protective order, by way of a confidentiality order. *See* Fed. R. Civ. P. 26(c)(1); *Pansy, supra*, 23 F.3d at 786-87. Since Hartford seeks the discovery for the legitimate purpose of building its defense and because there are no alternate sources from which the discovery may be sought or received, judicial fairness and efficiency warrants disclosure. *See Pansy*, 23 F.3d at 787. Nonetheless, A&B adequately has shown that some injury or harm may result if disclosure is granted and the parties to the underlying *Laboratories* suit become aware of the facts and/or information produced to Hartford in this action. (*See* Moving Br. 12-14.) This Court finds that a confidentiality order will protect A&B against the harm and/or injury that is of potential concern. Indeed, even if this Court was willing to adopt the public policies and reasoning of *Haskell*, as requested by A&B (*id.* at 12-14, fn. 3), this Court finds that a confidentiality order will suffice to protect against A&B's concerns. If A&B's concerns are genuine, the parties can agree in a confidentiality order that the information will be used for the sole purpose of this litigation. Also, any time A&B or Hartford seek to file motions, documents or otherwise with this Court that includes information revealed by the discovery sought, the confidentiality order may require that an order sealing same documents is sought from the Court. This will avoid any potential prejudice

13

against A&B in the underlying litigation, while still affording Hartford reasonable, relevant discovery in order to properly defend this matter.

Finally, for the reasons discussed above, this Court rejects A&B's assertion that the requested discovery is overly burdensome, egregious and irrelevant because the triggering event for offense based coverage only requires demonstration that the alleged injury was caused by the policyholder's wrongful conduct. (*See* Moving Br. 14-15) (citing *Atlantic Mutual Insur. Co., supra*, 100 Cal. App. 4th at 1032.) As previously stated, there are other reasons why the discovery is relevant and may lead to admissible evidence.

Accordingly, Plaintiff's motion for a protective order is granted in part and denied without prejudice in part.

### C. Attorney Fees & Expenses

In its opposition brief, Hartford requests that this Court award costs and attorneys' fees pursuant to Federal Rules of Civil Procedure 37. (Opp'n Br. 1, 8.) Under Federal Rule of Civil Procedure 26(c)(3), which pertains to protective orders, whether an award of expenses should be granted is controlled by Rule 37(a)(5). Rule 37(a)(5)(C) provides that when a motion for a protective order is granted in part and denied in part, "the court may issue any protective order authorized under Rule 26(c) and *may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." *Id.* (emphasis added by this Court); *see Hadley v. Pfizer, Inc.*, No. 08-1440, 2009 U.S. Dist. LEXIS 47363, at *12 (E.D. Pa. June 4, 2009) (denying party's request for sanctions and attorney's fees because "several of Plaintiff's defenses were meritorious, and Defendant did not succeed on each of its discovery claims."). Here, the Court declines granting any party attorney's fees or expenses. This Court finds that Hartford was justified in requesting discovery related to the underlying *Laboratories*

suit and A&B had a reasonable justification in opposing same. *See* Fed. R. Civ. P. 37(a)(5)(A). Thus, Hartford's request for attorney's fees and expenses is denied.

### D. Restoration of A&B's Summary Judgment Motion

In its reply brief, A&B request that this Court restore its previously filed summary judgment motion and decide it on the merits. (Reply Br. 10.) Specifically, A&B asserts that because (i) Hartford served at least seventy irrelevant discovery demands; (ii) the time for propounding relevant discovery requests has passed; and (iii) the discovery sought is to prove or disprove the claims asserted in the *Laboratories* suit, which A&B asserts is not relevant to a duty to defend case, Plaintiff's summary judgment motion should be heard on its merits. (*Id.*)

Based on this Opinion and Order, this Court finds that restoration of A&B's summary judgment motion is not appropriate at this time. Hartford is entitled to the production and review of certain discovery prior to having to defend against a summary judgment motion. Accordingly, Plaintiff's request to have its summary judgment motion restored is denied without prejudice.

### E. Consolidation of Hartford's Motion to Compel

A&B requests in its reply brief that this Court consolidate Hartford's motion to compel discovery from Vedeqsa, which was transferred to this Court from the Southern District of New York, with A&B's motion for a protective order, currently before the Court. (Reply Br. at 11.) While this Court acknowledges that there is some overlap between the two motions, as A&B requested that the subpoena served by Hartford upon Vedeqsa be quashed in both motions, this Court declines to decide both motions simultaneously in this Opinion and Order. Since Hartford's motion to compel pertains to non-party Vedeqsa, providing different arguments than those asserted in A&B's motion for a protective order, this Court will instead reserve its decision on A&B's request to quash the subpoena. When making its determination, this Court will consider all of

A&B's legal arguments that were made in support of its request to quash the subpoena in both Plaintiff's motion for a protective order and its cross-motion to Hartford's motion to compel.

## III. CONCLUSION

For the foregoing reasons and for good cause shown, it is on this **29th** day of **January, 2010**,

**ORDERED THAT:**

1. Plaintiff's motion for a protective order is granted in part and denied without prejudice in part.

2. By **2/19/10**, the parties shall enter into a proposed confidentiality order pursuant to Local Civil Rule 5.3(b) and file same with this Court, whereby Defendant agrees, at a minimum, to the following:

    a. Any information obtained or received as a result of Plaintiff's disclosures, which pertain to the underlying *Laboratories* suit, shall be kept and treated as confidential by all parties.

    b. Any information retrieved by Defendant shall be used only for the limited purposes of this litigation.

    c. Defendant shall not disclose the confidential information or any of Defendant or Defendant's counsel's legal conclusions to any of the plaintiffs in the underlying *Laboratories* suit.

    d. Defendant shall not use the disclosed information in a manner that would purposefully or intentionally prejudice Plaintiff in the underlying *Laboratories* suit. This shall include, but not be limited to, Defendant agreeing not to use the disclosed information for the following purposes:

        i. Harassing, intimidating or threatening Plaintiff;

    ii. Discussing the underlying *Laboratories* suit with any person not a party to the instant matter, especially the plaintiffs in the underlying suit; and

    iii. Using the disclosed information to provide plaintiffs in the underlying *Laboratories* suit with assurances that their allegations may be valid or that otherwise exposes Plaintiff in this action to liability in the underlying suit.

  e. Defendant shall not file any motions, letters, applications or other documents that contain confidential information, as defined by the proposed confidentiality order, which pertains to the underlying *Laboratories* suit, without first obtaining Plaintiff's written permission or without first filing a formal motion seeking permission to file same documents under seal pursuant to Local Civil Rule 5.3(c).

The proposed confidentiality order need not include the exact language provided above. However, the proposed provisions shall include similar language and shall be consented to and agreed upon by all parties.

3. Upon entry of a consented to or stipulated confidentiality agreement and order by this Court, Plaintiff shall respond to Defendant's interrogatories and produce responsive documents to Defendant's document requests within **30 days** thereof.

4. For the limited purpose of discovery related to this Opinion and Order, fact discovery shall be extended and shall close on **4/16/10**.

5. Defendant's request for attorney's fees and costs is denied.

6. Plaintiff's request that this Court restore its motion for summary judgment is denied without prejudice.

7. Plaintiff's request to consolidate its motion for a protective order with Defendant's motion to compel is denied. This Court shall reserve its decision on whether to grant or deny Plaintiff's

request to quash Defendant's subpoena served upon Vedeqsa and shall decide the same simultaneously with the Court's determination of Defendant's pending motion to compel.

8. **FAILURE TO ABIDE BY THIS ORDER MAY RESULT IN SANCTIONS.**

_____
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**